UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nicholas Steen,

      Plaintiff,

v.                                                     Civil No. 09-2108 (JNE/SRN)
                                                      ORDER

Target Corporation and John Doe Corporation
or Corporations,

      Defendants.

Nicholas Steen claims that his former employer, Target Corporation, discriminated against him because of his age and disability in violation of the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), and the Minnesota Human Rights Act (MHRA). Target moves to dismiss the MHRA claims on the ground that Steen failed to timely assert them.[1] For the reasons set forth below, the Court grants Target's motion.[2]

## I.     BACKGROUND

For more than two decades, Steen worked for Target in the field of information technology. In February 2006, Steen took a medical leave of absence. He attempted to return to work in June 2006. The next month, Target terminated his employment. At that time, Steen was fifty-two years old.

---

[1] Target mistakenly states that Steen's MHRA claims appear in Count II of the Complaint. Claims of age discrimination under the ADEA and the MHRA appear in Count I; claims of disability discrimination under the ADA and the MHRA appear in Count II.

[2] Steen names Target and "John Doe" corporations as defendants. In his Complaint, he collectively refers to Target and the "affiliated" John Doe corporations as Target. The parties' motion papers do not mention the John Doe corporations.

In April 2007, Steen filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). The charge was cross-filed with the Minnesota Department of Human Rights (MDHR). On May 19, 2009, the EEOC dismissed Steen's charge because it was unable to conclude that the information obtained in its investigation established a statutory violation. The EEOC explained that dismissal of Steen's charge was necessary "solely because of [its] lack of resources/staff." The EEOC notified Steen of his right to sue. By letter dated June 24, 2009, the MDHR adopted the EEOC's disposition of Steen's charge, dismissed his charge, and notified Steen of his right to sue.[3]

Alleging that Target had discriminated against him on the basis of his age and disability in violation of the ADEA, the ADA, and the MHRA, Steen filed this action on August 11, 2009. Nine days later, he served the Summons and Complaint on Target. Target now moves to dismiss Steen's MHRA claims.

## II. DISCUSSION

Target moves to dismiss Steen's MHRA claims because Steen failed to timely assert them. "[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008); *see Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004). On a motion to dismiss under Rule 12(b)(6), a court accepts as true the facts alleged in the complaint and grants all reasonable inferences in favor of the non-moving party. *Minneapolis Taxi Owners Coal., Inc. v. City of Minneapolis*, 572 F.3d 502, 506 (8th Cir. 2009), *petition for cert. filed*, 78 U.S.L.W. 3341 (U.S. Nov. 16, 2009) (No. 09-621). A court need not

---

[3] Target submitted Steen's charge, the EEOC's dismissal, and the MDHR's dismissal as attachments to a declaration filed in support of its motion. The Court may consider these documents without converting Target's motion into one for summary judgment. *See Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-03 (8th Cir. 2002).

accept as true legal conclusions couched as factual allegations. *McAdams v. McCord*, 584 F.3d 1111, 1113 (8th Cir. 2009).

Under the MHRA, a person may "bring" a civil action "within 45 days after receipt of notice that the commissioner [of human rights] has dismissed a charge . . . because the commissioner has determined that further use of department resources is not warranted." Minn. Stat. § 363A.33, subd. 1 (2008). "[R]eceipt of notice is presumed to be five days from the date of service by mail of the written notice." *Id.* Accordingly, Steen is presumed to have received the MDHR's notice of dismissal on June 29, 2009, and he had until August 13, 2009, to bring his MHRA claims.

An action is "brought" within the meaning of the MHRA when it is commenced within the meaning of Rule 3.01 of the Minnesota Rules of Civil Procedure. *Ochs v. Streater, Inc.*, 568 N.W.2d 858, 860 (Minn. Ct. App. 1997); *cf. Appletree Square I, Ltd. P'ship v. W.R. Grace & Co.*, 29 F.3d 1283, 1286 (8th Cir. 1994). Rule 3.01 provides in relevant part that an action is commenced against a defendant "when the summons is served upon that defendant." Although Steen filed this action two days before the deadline for him to bring his MHRA claims, he served the Summons one week after that deadline had passed. Consequently, unless Steen can avoid application of section 363A.33's 45-day limitation period, his MHRA claims must be dismissed. *See Anderson v. Unisys Corp.*, 47 F.3d 302, 309 (8th Cir. 1995); *Ochs*, 568 N.W.2d at 859-60.

Steen maintains that Target defaulted and waived section 363A.33's 45-day limitation period because Target, having filed its motion to dismiss one day late, failed to timely assert it.[4] *See Ochs*, 568 N.W.2d at 860. "Because Target's untimely filing complains about untimeliness,"

---

[4] In addition to waiver, a plaintiff may invoke equitable estoppel or equitable tolling to avoid section 363A.33's 45-day limitation period. *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1033 (8th Cir. 2005). Steen does not claim that equitable estoppel or equitable tolling applies here.

Steen argues, "Target's untimely untimeliness defense should be deemed waived." Acknowledging that it filed its motion one day late,[5] Target disputes whether it defaulted or waived the limitation period.

The Court first considers Steen's assertion that Target defaulted. Steen did not seek entry of Target's default. *See* Fed. R. Civ. P. 55(a). Target has appeared in this action by filing a motion to dismiss. Its motion was one day late, but a "default judgment is not an appropriate sanction for a 'marginal failure to comply with time requirements.'" *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (quoting *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993)); *see Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001). Thus, the Court rejects Steen's assertion that Target defaulted.

As to whether Target waived section 363A.33's limitation period, the Court notes that there is "no requirement under Rule 12 to affirmatively raise the statute of limitations defense by motion." *Serrano v. Torres*, 764 F.2d 47, 49 (1st Cir. 1985); *cf. Perry v. Sullivan*, 207 F.3d 379, 383 (7th Cir. 2000) ("[W]e hold that [defendant] did not waive his statute of limitations defense by waiting to file it until after the 12(b)(6) motions had run their course."). Target appeared in this action twenty-one days after service of the Summons and Complaint, and Target asserted section 363A.33's limitation period in its first appearance. It explains its one-day delay as the result of "a simple counting error." Under these circumstances, Steen's assertion that Target waived the limitation period has no merit. *Cf. Washington v. Normandy Fire Prot. Dist.*, 328 F.3d 400, 406 (8th Cir. 2003); *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999); *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 737 (8th Cir. 1997).

---

[5] It is undisputed that Steen served the Summons and Complaint on Target on August 20, 2009. At that time, Rule 12(a) required Target to serve an answer within twenty days. In lieu of an answer, Target filed a motion to dismiss. *See* Fed. R. Civ. P. 12(b)(6). Target filed its motion to dismiss twenty-one days after service of the Summons and Complaint.

4

While the Court does not condone Target's late filing of its motion, the Court rejects Steen's requested tit-for-tat sanction and concludes that Target neither defaulted nor waived section 363A.33's 45-day limitation period. Because Steen brought his MHRA claims after the period prescribed by the MHRA had passed, the Court dismisses his MHRA claims.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Target's Motion to Dismiss [Docket No. 4] is GRANTED.

2. Steen's MHRA claims are DISMISSED WITH PREJUDICE.

Dated: December 30, 2009

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge