UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nicholas Steen,

    Plaintiff,

v.                                                       Civil No. 09-2108 (JNE/SRN)
                                                       ORDER

Target Corporation and John Doe Corporation
or Corporations,

    Defendants.

Nicholas Steen claims that his former employer, Target Corporation, discriminated against him because of his age and disability in violation of the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), and the Minnesota Human Rights Act (MHRA). The Court previously dismissed Steen's MHRA claims. Target now moves for summary judgment on Steen's ADEA and ADA claims. For the reasons set forth below, the Court denies Target's motion.

Target argues that summary judgment is appropriate because Steen did not timely file his charge of discrimination with the Equal Employment Opportunity Commission (EEOC). The parties agree that the ADEA and the ADA required Steen to file a charge of discrimination within 300 days of his termination. "If a plaintiff fails to file a timely charge, the lawsuit is barred unless he or she can demonstrate that the limitations period is subject to equitable modification such as waiver, estoppel, or tolling." *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1327 (8th Cir. 1995); *see Del. State Coll. v. Ricks*, 449 U.S. 250, 262 (1980); *Hutson v. Wells Dairy, Inc.*, 578 F.3d 823, 826 (8th Cir. 2009). A termination occurs "when the employer notifies the employee of the decision to terminate her employment." *Hutson*, 578 F.3d at 826; *see Ricks*, 449 U.S. at 261; *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 489-90 (8th Cir.

1

2002); *Dring*, 58 F.3d at 1327-28; *Smith v. United Parcel Serv. of Am., Inc.*, 65 F.3d 266, 268 (2d Cir. 1995); *Burfield v. Brown, Moore & Flint, Inc.*, 51 F.3d 583, 589 (5th Cir. 1995).

It is undisputed that Steen filed his charge with the EEOC on April 19, 2007. If Target terminated him before June 23, 2006, his charge is untimely unless the limitations period is subject to equitable modification. Target maintains that Molly Gellerman, a senior human resources manager at Target, informed Steen of his termination at a meeting on June 12, 2006. In addition, Target maintains that its counsel sent a letter to Steen's counsel on June 20, 2006, in which Target informed Steen of his termination. Steen responds that Target did not communicate its decision to terminate him before June 23, 2006. In the alternative, Steen asserts that the Court should apply equitable tolling or estoppel. Finally, Steen maintains that Target's motion is premature. *See* Fed. R. Civ. P. 56(f).

"Discovery does not need to be complete before a case is dismissed on summary judgment. However, summary judgment is only proper if the nonmovant has had adequate time for discovery. The nonmovant must make some showing that discovery has been inadequate." *Pony Computer, Inc. v. Equus Computer Sys. of Mo., Inc.*, 162 F.3d 991, 996 (8th Cir. 1998) (citations omitted); *see Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006). A court may deny a motion for summary judgment if the "party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f); *see Ballard v. Heineman*, 548 F.3d 1132, 1137 (8th Cir. 2008).

In this case, the pretrial scheduling order, dated February 25, 2010, set October 1, 2010, as the discovery deadline. Target moved for summary judgment on May 6, 2010, approximately three months after the opening of discovery. *See* Fed. R. Civ. P. 26(d)(1). As part of Steen's opposition to Target's motion, his attorney submitted a declaration that recounts Steen's

discovery efforts, details alleged deficiencies in Target's responses to Steen's discovery requests, notes that the individuals involved in Steen's termination have been served with notices of depositions, and states that the depositions will not take place in time to present them as part of Steen's opposition to Target's motion. Steen anticipates that the requested discovery will reveal evidence that raises a genuine issue of material fact as to when Target decided to terminate him and when Target informed him of his termination. Under the facts and circumstances of this case, the Court concludes that Target's motion is premature. The Court therefore denies Target's motion for summary judgment. *See* Fed. R. Civ. P. 56(f).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Target's Motion for Summary Judgment [Docket No. 25] is DENIED.

Dated: June 29, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge