UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nicholas Steen,

       Plaintiff,

v.                                                 Civil No. 09-2108 (JNE/JSM)
                                                ORDER

Target Corporation,

       Defendant.

Plaintiff Nicholas Steen asserts violations of the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA) against his former employer, Defendant Target Corporation. The case is before the Court on Target's motion for summary judgment. For the reasons discussed below, the Court denies Target's motion.

## I.    BACKGROUND

Steen worked for Target in the field of information technology from 1996 until his termination in 2006. In support of its decision to terminate Steen, Target relies on performance reviews evaluating Steen's performance from 2001 to 2006. Steen contests the validity of these evaluations and argues that they are the product of animus based on age or disability. According to Steen, his supervisor in 2001, Sharon Leonard, "constantly" made comments about his age. Steen also contends that in 2004, while he was supervised by Joe Fish, Target transferred most "older" information technology employees to work under Fish and began a scheme to force out older employees. Steen, who suffers from diabetes, a heart condition, depression, and anxiety, maintains that Target, and Fish in particular, were aware of these conditions.

According to Target, Steen was terminated on June 12, 2006, during a meeting with Molly Gellerman, a Human Resources Manager at Target. Though Steen first testified that he did not remember the contents of this conversation, he has since submitted a declaration stating

that Gellerman did not terminate him during the meeting.  The parties agree that Gellerman presented Steen with a separation agreement during the meeting.  On June 14, 2006, Steen's counsel sent a letter to Target offering a counterproposal to the separation agreement.  On June 16, 2006, Steen resumed work under Fish.  He received assignments and continued working until June 23.  In the interim, on June 20, Target's outside counsel faxed a letter to Steen's counsel rejecting the counterproposal and stating that Steen need not return to work "[g]iven Target's intention to terminate his employment."   On June 26, Steen was admitted to the hospital for depression and anxiety.  Steen claims he did not learn of his termination until mid-July when, still in the hospital, he learned his insurance had been terminated.

## II.   DISCUSSION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(A)-(B).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).  In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**A.**   **Timeliness**

Target first argues that summary judgment is appropriate because Steen did not timely file his charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

The parties agree that the ADEA and the ADA required Steen to file a charge of discrimination within 300 days of his termination. "If a plaintiff fails to file a timely charge, the lawsuit is barred unless he or she can demonstrate that the limitations period is subject to equitable modification such as waiver, estoppel, or tolling." *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1327 (8th Cir. 1995); *see Del. State Coll. v. Ricks*, 449 U.S. 250, 262 (1980). A termination occurs "when the employer notifies the employee of the decision to terminate her employment." *Hutson v. Wells Dairy, Inc.*, 578 F.3d 823, 826 (8th Cir. 2009).

It is undisputed that Steen filed his charge with the EEOC on April 19, 2007. If Target terminated him before June 23, 2006, his charge is untimely. Target argues Steen was terminated on June 12 or, at the latest, when Steen's counsel received the June 20 letter from Target's counsel. For his part, Steen argues that he did not know, even as of June 20, that his only options were to resign or be terminated. Given the dispute over what was said at the June 12 meeting; that Steen remained at work after Target's outside counsel faxed the June 20 letter; that Steen allegedly received a long-term assignment from his supervisor during that time; and that Steen alleges he was never officially terminated, the date of Steen's termination presents a genuinely disputed issue of fact. The Court denies Target's motion insofar as Target claims that Steen failed to timely file a charge of discrimination.

**B.     Steen's ADEA claim**

Steen claims that Target discriminated against him on the basis of his age in violation of the ADEA. 29 U.S.C. § 623(a) (2006). The parties agree that this claim should be addressed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a prima facie case, Steen must show (1) he was at least 40 years old; (2) he was terminated; (3) he was meeting his employer's reasonable expectations at the time he was

terminated; and (4) he was replaced by an individual who was substantially younger. *Haigh v. Galita USA, Inc.*, No. 09-3479, 2011 WL 260303, at *3 (8th Cir. Jan. 28, 2011). If Steen establishes a prima face case, then Target must come forward with a legitimate, non-discriminatory reason for its decision. *Id.* If Target does so, then Steen must show that Target's reason was pretext for discrimination. *Id.*

Target argues that the negative performance evaluations establish that Steen was not meeting Target's reasonable expectations. Given the dispute over the validity of the performance evaluations and Steen's lengthy tenure at Target, the Court assumes Steen has established a prima facie case for discrimination. *See id.* at *4 (noting conflicting case law on this issue and stating the "more sound" view requires only that plaintiff show "he possesses the basic skills necessary for performance of the job"). Under the second step of *McDonnell Douglas*, Target "easily me[ets] [its] burden of production by alleging poor performance as the legitimate, non-discriminatory basis for [Steen's] termination." *Hannoon v. Fawn Eng'g Corp.*, 324 F.3d 1041, 1047 (8th Cir. 2003) (analyzing Title VII discrimination claim). With regard to the third step, though, the Court is satisfied that Steen has proffered evidence that raises questions as to whether Target's negative performance reviews of Steen were a pretext for age-based discrimination. Specifically, Steen's allegations that Leonard commented on his age and that Target placed him in a stigmatized workgroup of "older employees" just before Fish's reviews became increasingly negative, raise questions of fact about Target's motivation sufficient to preclude summary judgment on Steen's ADEA claim.

C.   **Steen's ADA claim**

Steen next claims that Target discriminated against him because of his disability in violation of the ADA. 42 U.S.C. § 12112(a) (2006). Like his ADEA claim, Steen's ADA claim

4

is analyzed under the *McDonnell Douglas* framework. To establish a prima facie case, Steen must establish (1) that he had a disability within the meaning of the ADA; (2) that he was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) that he was subject to an adverse employment action due to his disability. *Duello v. Buchanan Cnty. Bd. of Supervisors*, 628 F.3d 968, 972 (8th Cir. 2010). The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment."[1] 42 U.S.C. § 12101(2). To show that he was qualified to perform his job, Steen "must demonstrate that he meets the essential prerequisites for the job . . . and that he can perform the essential functions of the job with or without a reasonable accommodation." *Duello*, 628 F.3d at 972.

Steen argues that his depression was a disability that substantially limited the major life activity of working. To show such a limitation, a plaintiff must demonstrate that he is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." *Taylor v. Nimock's Oil Co.*, 214 F.3d 957, 960 (8th Cir. 2000). In light of Steen's substantial disability leave just prior to his termination and his June 2006 hospitalization, the Court concludes that a reasonable jury could find that Steen was substantially limited in the major life activity of working.

Target argues that even assuming Steen suffered from a disability, he cannot show he was qualified to perform his job. Target points to Steen's poor performance record and his complaint

---

[1] The parties agree that the ADA Amendments Act of 2008, which expanded the ADA's definition of disability, does not apply retroactively. *Nyrop v. Indep. Sch. Dist. No. 11*, 616 F.3d 728, 734 n.4 (8th Cir. 2010).

in a pending ERISA action which states he was fired after he informed Target he was unable to return to work because of his disability. This contradiction could well affect Steen's credibility during a trial but does not resolve the fact issue at this stage. Because Steen disputes the legitimacy of his performance reviews under Fish, and in light of the positive performance reviews by supervisors other than Fish and Leonard, the Court finds that fact issues remain regarding Steen's qualification at the time of his termination. Steen has thus established a prima facie case.

While Target's documented concerns about Steen's performance would be a legitimate basis for Steen's termination, given the short time span between Steen's return from medical leave and his termination and Steen's statement that he was not officially terminated before being hospitalized, a reasonable jury could find that disability discrimination was the real reason for his discrimination. *Cf. Bassett v. City of Minneapolis*, 211 F.3d 1097, 1105-06 (8th Cir. 2000). The Court therefore denies Target's motion summary judgment on his ADA claim.

### III.   CONCLUSION

The Court is satisfied that genuine issues of fact preclude summary judgment. Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Target's motion for summary judgment [Docket No. 16] is DENIED.

Dated: March 7, 2011

> s/ Joan N. Ericksen
> JOAN N. ERICKSEN
> United States District Judge